FILED

MAY - 7 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Guzman-Maya, individually And on behalf of other employees Similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 1:15- cv-390 |
| v. | ) ) ) | Hon. John Z. Lee |
| | ) ) | Magistrate Judge: Hon. Geraldine Soat Brown |
| Gourmet Cajun Grill, Defendant. | ) ) ) | |

## DEFENDANT'S EMERGENCY MOTION TO SET ASIDE ENTRY OF DEFAULT

1. Plaintiff is Joe Guzman-Maya.

2. Defendant is Gourmet Cajun Grill.

3. On April 7, 2015 an Order of Default was entered against Defendant.

4. Defendant first learned of the Entry of Default upon receiving Plaintiff's Notice of Motion and Motion for Default Judgment and Approval of Damages on or about May 1, 2015.

5. A hearing is scheduled on Plaintiff's Motion for today, May 7, 2015 and if the judgment is entered it will prejudice the Defendant.

6. Defendant is without sufficient time to meet notification requirements of its motion as a default judgment will be entered before this motion could be heard.

## ARGUMENT

7. The court may grant a motion to set aside an entry of default upon the showing of good cause. FRCP 55(c). In determining whether there is good cause, the court should

1

consider (1) prejudice to the Plaintiff if the default is set aside, (2) the existence of a meritorious defense, and (3) Defendant's culpable conduct.

8. There is good cause to set aside the default in this case for the following reasons.

    a. The setting aside of the default will not prejudice Plaintiff, upon learning of the Motion for Default Judgment about May 1, 2015, Defendant has taken prompt action by retaining counsel and appearing in court on the day the motion was to be heard.

    b. Defendant has a meritorious defense as shown in its Affidavits of Victor Lee and Francis Lee which if proven would constitute a complete defense.

    c. Defendant's failure to answer and appear was not willful. Defendant did not think he was the proper party defendant. The first Complaint left the case number space blank and named Kevin S. Tang and Gourmet Cajun Grill of Golf Mill, Inc. as Defendants.

    d. Kevin Tang was a former owner of this food court business, this business has changed hands 3 times before now.

    e. Defendant did not know a Jose Guzman-Maya. Plaintiff swears in his affidavit in the Attachment to the first Complaint that he worked for Gourmet Cajun Grill of Golf Mill, Inc. Defendant is not that entity.

    f. Defendant learned that Plaintiff at the March 4, 2015 status, informed the court that the proper party was served. The fact is the name of the Defendant was not correct and the address of the place of service was not correct. Had the court known this fact perhaps the court would ruled differently.

    f. Defendant's failure to answer and appear was not willful. The first Amended Complaint named Gourmet Cajun Grill at 320 W. Golf Road, Niles, IL. as

Defendant. Upon seeing Jose Guzman Maya's affidavit Defendant understood that the suit is against them and the Plaintiff is probably Jose Guzman.

      g.      The name of this business is Cajun Grill Gourmet and is located at 239 Golf Mill Center, Niles, Illinois. It is reasonable to conclude that it is Plaintiff's errors that caused the Defendant not to appear and not respond or answer in a timely fashion.

9.      The court should grant Defendant's Motion to Set Aside the Entry of Default for the reasons set forth herein and the fact that Defendant has filed a responsive pleading by way of affidavits filed before a default judgment was entered.

10.      The court should grant the motion to set aside the entry of default because the entry of default would cause a harsh and unfair result because Plaintiff's affidavits in support of his claim are false, erroneous and countered by Defendant's affidavits. Moreover, Defendant may not be subject to the FSLA and IMWL which are the basis of Plaintiff's Complaint.

      WHEREFORE for the reasons set forth above, Defendant pray this court to set aside the order of default in this cause and allow to Defendant to respond to the Plaintiff and grant Defendant any other remedy that this court may deem fair and just.

Respectfully Submitted,

*/s/ Robert T. W. Hoy*

Robert T. W. Hoy
Attorney for Defendant
216 W. Cermak Road
suite 201
Chicago, IL 60616
312-842-5982

3